1   **WO**

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                       FOR THE DISTRICT OF ARIZONA

10

11   IN RE:                            )
12                                      )
     JEFFREY ALBERT KOLB; HEIDI        )    No.  CV 13-022-TUC-CKJ
13   ELAINE KOLB,                       )
                                        )      BK 4-10-bk-21238-EWH
14         Debtors,                     )
                                        )      ADV. NO.  4:10-AP-2034-EWH
15   _____)
     JEFF ASHBURN AND LINDA            )
16   ASHBURN; SANDRA MCBRIDE; JOY       )        **ORDER**
     PHOENIX; BONNIE ALLEN; DOTTI       )
17   OHLMAN; KIMBER INNECKEN,           )
                                        )
18         Appellants,                  )
                                        )
19   vs.                                )
                                        )
20   JEFFREY ALBERT KOLB AND HEIDI     )
     ELAINE KOLB,                       )
21                                      )
           Appellees.                   )
22   _____)

23         Pending before the Court is the Motion to Dismiss Appeal (Doc. 9) filed by

24   Debtors Jeffrey Albert Kolb and Heidi Elaine Kolb (collectively, "the Kolbs").   A

25   response has been filed by Appellants Jeff Ashburn, Linda Ashburn, Sandra McBride, Joy

26   Phoenix, Bonnie Allen, Dotti Ohlman, and Kimber Innecken (collectively, "Appellants").

27

28

1    *Procedural History*

2          A Chapter 7 bankruptcy action was filed on July 7, 2010, by the Kolbs.   A

3    Complaint Objecting to Discharge of Debtors and Discharge of Debt was filed on

4    November 12, 2010, by Appellants.

5          The Bankruptcy Court issued a scheduling order on April 27, 2011.[1]   The

6    scheduling order included a deadline for the filing of dispositive motions of 75 days

7    before trial.  Bankruptcy Case 4:10-ap-02034-EWH, Doc 19.

8          On August 10, 2011, a Motion to Amend Complaint was granted and, on August

9    23, 2011, Appellants filed an Amended Complaint.  Bankruptcy Case 4:10-ap-02034-

10   EWH, Doc. 31.

11         A Motion to Amend the Complaint to include a request for attorneys' fees and costs

12   was filed on February 27, 2012.  The Kolbs filed an objection to the motion.  The

13   Bankruptcy Court denied the motion on March 5, 2012.  Trial was held on March 5, 2012,

14   May2, 2012, and May 14, 2012.  Appellants filed a Motion for Reconsideration as to the

15   denial of the request for attorneys' fees on April 26, 2012; the Kolbs filed an objection.

16   The Bankruptcy Court denied the Motion for Reconsideration on May 2, 2012.

17         Additionally, on March 1, 2012, Appellants filed a Unilateral Pre-Trial Statement.

18   Bankruptcy Case 4:10-ap-02034-EWH, Doc. 43.  The Unilateral Pre-Trial Statement did

19   not include a request for attorneys' fees.  As an affidavit as discussed in the Bankruptcy

20   Court's scheduling order had not been filed, the Bankruptcy Court did not consider the

21   Unilateral Pre-Trial Statement.  *See* Doc. 8, Tab 4.

22         On December 26, 2012, the Bankruptcy Court found in favor of Appellants and the

23   Kolbs were denied a discharge.  The Kolbs' subsequent Motion for Reconsideration and

24   Discharge was granted.  *See* Bankruptcy Case 4:10-bk-21238-EWH, Doc 145.

25   _____

26         [1]The Kolbs, referring to Doc. 36, assert the Bankruptcy Court issued a scheduling order
     on November 9, 2011.  That document, however, consists of bankruptcy schedules B, C, E, and
27   F.

28                                          - 2 -

1        On January 10, 2013, Appellants filed an appeal to this Court on the issue of the

2  denial of the Motion to Amend Complaint.

3        On August 27, 2013, Appellants filed their Opening Brief (Doc. 7).  The issue

4  presented on appeal is whether the Bankruptcy Court exceeded its authority in denying

5  the filing of an Amended Complaint where the only change was to add a request for

6  attorneys' fees.  Appellants argue the Bankruptcy Court abused its discretion in denying

7  leave to amend.

8        On September 11, 2013, the Kolbs filed a Motion to Dismiss Appeal (Doc. 9).

9  Appellants have filed a response (Doc. 10).

10

11  *Motion to Dismiss*

12        The Kolbs argues the orders denying the Appellants relief are not final appealable

13  orders.  The Kolbs also argue the Bankruptcy Court did not abuse its discretion in

14  denying Appellants' request to file an Amended Complaint to include a request for

15  attorneys' fees.

16

17  *Jurisdiction*

18        This Court has jurisdiction to hear appeals from the "final judgments, orders, and

19  decrees" of the bankruptcy court.  28 U.S.C. § 158(a).  However, "jurisdictional statutes

20  do not 'permit appeals, even from fully consummated decisions, where they are but steps

21  towards final judgment in which they will merge.'"  *In re Bank of New England Corp.*,

22  218 B.R. 643, 646 (1st Cir. BAP 1998), (*quoting Cohen v. Beneficial Indus. Loan Corp.*,

23  337 U.S. 541, 546 (1949).  The statutory objective of combining all stages for review

24  following a final judgment order, *id.*, is accomplished by permitting review of this issue

25  following the completion of the bankruptcy proceeding.  *See In re Bank of New England*

26  *Corp.*, 218 B.R. at 646 (*citing Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374

27  (1981) (reasons for final judgment rule include deference to the trial judge, avoiding the

28

1    potential piecemeal litigation that would undermine the role of the trial judge, efficient

2    judicial administration, and avoidance of harassment and cost of successive appeals from

3    intermediate rulings).

4         Following the Notice of Appeal, it appears that the bankruptcy case concluded:

5    the estate has been fully administered, the trustee has been discharged from and relieved

6    of his trust, and the case has been closed. *See* Bankruptcy Case 4:10-bk-21238-EWH,

7    Doc 145.   The Court finds the issuance of final orders in the bankruptcy matter have

8    cured any jurisdictional defects in a premature appeal. *See Nascimento v. Dummer*, 508

9    F.3d 905, 908-10 (9th Cir. 2007); *Ruby v. Sec'y of the Navy*, 365 F.2d 385, 388 (9th Cir.

10   1966).   The Court finds it has jurisdiction over this matter and it is appropriate to resolve

11   the issue presented.

12

13   *Standard of Review*

14        Appellants argue that, as to conclusions of law, the standard of review is *de novo*,

15   factual questions are reviewed for clear error, and mixed questions of law and fact are

16   reviewed *de novo*.   See *In re Banks*, 263 F.3d 862 (9th Cir. 2001).   The Kolbs argue a

17   denial of leave to amend is reviewed for an abuse of discretion. *Dutciuc v. Meritage*

18   *Homes of Arizona, Inc.*, 462 Fed. Appx 658, 659 (9th Cir. 2011) (*citing McGlinchy v.*

19   *Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988)).

20        The denial of leave to amend a complaint is reviewed under an abuse of discretion

21   standard. *See Ventress v. Japan Airlines*, 603 F.3d 676 (9th Cir. 2010); *In re Tatge*, 212

22   B.R. 604 (8th Cir. BAP 1997); *In re Lewis*, 271 B.R. 877 (10th Cir. BAP 2002).   An

23   abuse of discretion occurs when a court "makes an error of law, rests its decision on

24   clearly erroneous findings of fact, or when [the reviewing court is] left with 'a definite

25   and firm conviction that the district court committed a clear error of judgment.'" *United*

26   *States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (*quoting United States v. 4.85*

27   *Acres of Land, More or Less, Situated in Lincoln County, Mont.*, 546 F.3d 613, 617 (9th

28                                                     - 4 -

Cri. 2008)).  The Ninth Circuit has also stated that a review:

> . . . of a factual finding may *not* look to what we would have done had we been in the trial court's place in the first instance, because that review would be de novo and without deference.  Rather, the scope of our review limits us to determining whether the trial court reached a decision that falls within any of the permissible choices the court could have made.

*Hinkson*, 585 F.3d at 1261 (*emphasis in original*); *see also Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the trial court).   However, some courts have determined that, when a motion to amend is dispositive, review is *de novo*.  *See e.g. Gossett v. Stewart*, No. CV 08–2120–PHX–DGC (ECV), 2009 WL 3379018, *1 (D.Ariz. Oct.20, 2009) (treating a magistrate judge's denial of a motion to amend based on futility and lack of compliance with procedural requirements as a dispositive ruling subject to *de novo* review).

Additionally, a trial court's case management orders are reviewed for an abuse of discretion.  *Pierce v. County of Orange*, 526 F.3d 1190, 1200 (9th Cir. 2008).

*Motion to Amend Complaint to Include Request for Attorneys' Fees – Fed.R.Civ.P. 16*

The Kolbs argue the Bankruptcy Court issued a scheduling order on November 9, 2011, and Appellants have not show good cause to amend the pretrial schedule.  *See Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D 452, 460 (D. Ariz. 2012); *Hazelwood v. United States*, No. 03–1641–PHX–ROS, 2006 WL 1599344, * 7 (D.Ariz. June 5, 2006) ("Plaintiff has presented no evidence she was diligent in seeking to amend her complaint. Finding no good cause to modify the Scheduling Order, Plaintiff's Motion to Amend is untimely and will be denied.").  However, a review of the docket indicates the Bankruptcy Court issued a scheduling order on April 28, 2011, and this scheduling order did not set a specific deadline for the filing of a request for leave to file an amended complaint.  *See* Bankruptcy Case  4:10-ap-02034-EWH, Doc 19.

However, as a motion for leave to amend may be deemed a dispositive motion,

*Gossett*, 2009 WL 3379018 at *1, this Court recognizes the Bankruptcy Court may have denied the request based on Fed.R.Civ.P. 16. The Court, therefore, will review denial on this basis. The Ninth Circuit Court of Appeals has recognized that, where a motion is not filed within the time period set by a scheduling order, the filing party's "tardy motion had to satisfy the *more stringent* "good cause" showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992). Indeed,

> A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.

*Paz v. City of Aberdeen*, No. C13–5104 RJB, 2013 WL 6163016, *2 (W.D. Wash. Nov. 25, 2013) (citing *Johnson*). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

For purposes of Fed.R.Civ.P. 16(b)(4), "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Id*. (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). Furthermore, a trial court may deny a motion to amend as untimely where it is filed after the scheduling order's cut-off date where no request to modify the order has been made. *Johnson*, 975 F.2d at 608–09 ("We see no reason to deviate from that approach here, but the result would not change if Johnson's motion to amend the complaint were treated as a de facto motion to amend the scheduling order rather than a motion to join a party after the binding cut-off date for the motion had passed.") (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir.1985)).

Another district court has summarized:

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply,

because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Chao v. Westside Drywall, Inc.*, 709 F.Supp.2d 1037, 1072-73 (D.Ore. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999) (internal citations omitted).  In this case, Appellants have not shown that they were diligent in working with the Bankruptcy Court in creating a workable Rule 16 order and have not shown that the noncompliance with the scheduling order occurred, despite their diligent efforts to comply, because of matters that were not reasonably foreseen at the time of the scheduling conference.  Rather, Appellants state the omission of the request was "simply an inadvertent pleading deficiency."  Appellant's Opening Brief, Doc. 7, p. 3.

The Ninth Circuit has stated:

[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 608.  Appellants were not diligent in seeking leave to amend their complaint.  The Court finds good cause has not been shown.  *See e.g. Ticktin v. Carole Fabrics*, No. CV–05–2756–PHX–FJM, 2007 WL 38330 (D.Ariz. Jan. 5, 2007) (motion to amend was denied where party did not request modification of scheduling order and former counsel was careless in failing to identify legal theories at issue in complaint).  Any denial based on Fed.R.Civ.P. 16 by the Bankrupcty Court of Appellants' motion to leave to amend, therefore, was not an abuse of discretion.

*Motion to Amend Complaint to Include Request for Attorneys' Fees – Fed.R.Civ.P. 15*

If Appellant's motion for leave to amend is considered a nondispositive motion, such motion was not subject to a scheduling order.  The Kolbs argue the Bankruptcy Court did not abuse her discretion in denying leave to file an amended complaint under

Fed.R.Civ.P. 15.  In determining whether an amended pleading should be permitted under Fed.R.Civ.P. 15, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend:  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, while it does not appear there was any showing of bad faith to the Bankruptcy Court, a prior amended complaint had been filed in the case.  There was undue delay in requesting to amend the complaint – the request was made approximately one week before trial.  Although the Court agrees with Appellants that the Kolbs were aware of the request for attorneys' fees (as discussed in the September 27, 2011, letter), the Kolbs were not aware of a request for attorneys' fees as ordered by the Court.  Rather, the issue of attorneys' fees had only been made in the context of a settlement offer until Appellants requested leave to amend the Complaint.  *See e.g. In re Smith*, 468 B.R. 235 (Bankr.W.D.Ky. 2012) (inherently unfair to allow debtor to spring a request upon a creditor at the last minute).  Indeed, although the Bankruptcy Court did not consider the Unilateral Pre-Trial Statement in this case, that document also did not include a request for attorneys' fees.  *See e.g. In re Hunt*, 238 F.3d 1098 (9th Cir. 2001) (pretrial conference statement included request for attorneys' fees and that request was incorporated by bankruptcy court's order).

However, whether a party will be prejudiced is the consideration that carries the greatest weight.  *Eminence Capital, LLC*, 316 F.3d at 1052.  Although the request was unduly delayed, it does not appear additional discovery or delayed proceedings would have resulted from an Amended Complaint.  However, the Court considers that "generally a party will not be deemed prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the

opposing party is otherwise aware of the facts contained in the amended pleading." 61A Am. Jur. 2d Pleading § 724 (*citations omitted*).  In this case, the proposed amendment is related to bankruptcy issues, but presents a separate legal basis for relief.  *See* Fed.R.Bankr.P. 7008(b).

As to the futility of the proposed amendment, this Court can only speculate that, had the bankruptcy judge wished, in her discretion, to consider an award of award attorneys' fees,  the bankruptcy judge would have afforded greater weight to a lack of futility in determining whether to grant the proposed amendment.  However, the Court finds the weight to give this speculation is minimal.  Nonetheless, the Court will consider that the Kolbs ultimately were granted a discharge, which would seem to make a discretionary award of attorneys' fees less likely.

According broad discretion to the Bankruptcy Court because the complaint had already been amended once, *see Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986); considering that a separate new basis for the award was being requested; and the discretion afforded the bankruptcy judge in determining whether an award of attorneys' fees is appropriate, this Court does not find the Bankruptcy Court made an error of law or rested its decision on clearly erroneous findings of fact.  Further, this Court is not left with a definite and firm conviction that the Bankruptcy Court committed a clear error of judgment.  The Court finds the Bankruptcy Court, to any extent her ruling was based on Fed.R.Civ.P. 15, did not abuse its discretion in denying Appellants' request to amend their Complaint.

*Conclusion*

This Court has determined it has jurisdiction over the issue presented by the appeal.  The Kolbs' Motion to Dismiss as to this issue, therefore, will be denied.  Further, the balance of the Kolbs' Motion to Dismiss addresses the merits of the appeal.  The Court does not find dismissal to be appropriate; rather, having addressed the merits of the

1    appeal, the Court finds it appropriate to affirm the ruling of the bankruptcy judge.

2           Accordingly, IT IS ORDERED:

3           1.      The Motion to Dismiss Appeal (Doc. 9) is DENIED.

4           2.      The ruling of the Bankruptcy Court is AFFIRMED.

5           3.      The Clerk of Court shall enter judgment and shall then close its file in this

6                   matter.

7           DATED this 9th day of January, 2014.

8

9

10          _____
                    Cindy K. Jorgenson
11                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          - 10 -